## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

DEVON FOUNTAIN

VERSUS

WAL-MART LOUISIANA, LLC ET AL.

CIVIL ACTION

23-71-SDD-RLB

## RULING

This matter comes before the Court on the *Motion for Summary Judgment*[1] filed by Defendants, Wal-Mart, LLC and Wal-Mart Claims Services, Inc., (collectively, "Walmart" or "Defendants"). Plaintiff, Devon Fountain ("Fountain" or "Plaintiff"), filed an *Opposition*,[2] to which Defendants filed a *Reply*.[3] For the reasons set forth below, the Court will grant the motion.

## I.    LOCAL RULE 56

Parties are required to comply with the following Local Rules of the Middle District of Louisiana in filing and opposing motions for summary judgment. Local Rule 56 (c) requires an opposing party to:

> submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph

---

[1] Rec. Doc. 15.
[2] Rec. Doc. 16. Plaintiff substituted her documents in opposition to Defendants' Motion. Rec. Doc. 17. The Court will cite the substituted documents in its Ruling.
[3] Rec. Doc. 19.

and supported by a record citation as required by subsection (f) of this rule.

Plaintiff submitted her Opposition but failed to submit a concise statement of materials facts, admitting, denying, or qualifying any of the facts referenced in Defendants' Statement of Uncontested Material Facts.[4] Accordingly, the following statements of fact are deemed admitted by Plaintiff for the purposes of this Ruling.

## II.   BACKGROUND AND PROCEDURAL FACTS

On August, 21, 2021, Plaintiff and her mother were shopping at a Walmart in Baker, Louisiana.[5] Plaintiff walked down the water aisle while pushing an empty shopping cart.[6] As Plaintiff attempted to pick up a case of water, she "stepped on a piece of cardboard that was on the floor, causing her to slip and fall."[7] Claiming she sustained "severe injuries," Plaintiff filed suit against Defendants in state court. On February 6, 2023, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.[8] Now Defendants move for summary judgment dismissal of her claims.

## III.   LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary Judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

---

[4] Rec. Doc. 15-4.
[5] Rec. Doc. 15-4, p. 1; Rec. Doc. 1-1, p. 2.
[6] Rec. Doc. 15-4, p. 1; Rec. Doc. 15-2, pp. 3–4 (Plaintiff's Deposition Transcript 28:25–29:10).
[7] Rec. Doc. 15-4, p. 1; Rec. Doc. 15-2, p. 4 (Plaintiff's Deposition Transcript 29:14–17).
[8] Rec. Doc. 1.
[9] *Basil v. Dow Chem. Co.*, 2020 WL 1964155, at *1 (M.D. La. Apr. 23, 2020).

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[10] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[11] If the moving party "fails to meet this initial burden, the summary judgment must be denied, regardless of the nonmovant's response."[12]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[13] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubts as to the facts, or a scintilla of evidence.[14] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[15] The Court will not, "in the absence of any proof assume that the nonmoving party could or would prove the necessary facts."[16] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[17]

---

[10] *Id* (quoting *Celotex Corp. v. Corbett,* 477 U.S. 317, 322 (1986)).
[11] *Id* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[12] *Id* (quoting *Little*, 37 F.3d at 1075).
[13] *Id* at *2 (citing *Wallace v. Texas Tech Univ.*, 80 F. 3d 1042, 1046–47 (5th Cir. 1996)).
[14] *Id*.
[15] *Id* (quoting *Little*, 37 F.3d at 1075).
[16] *Id* (quoting *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).
[17] *Id*.

**B. Louisiana's Merchant Liability Act**

The parties do not dispute that Louisiana's Merchant Liability Act, Louisiana Revised Statute § 9:2800.6 applies to this case.[18] This statute "establishes a plaintiff's burden of proof in slip and fall incidents on a merchant's premises due to a hazardous condition in or on the premises."[19] Plaintiff must establish three elements: (1) the condition presented an unreasonable risk of harm to her and that the risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and (3) the merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable case.[20] "Plaintiff's failure to prove any one these requirement elements will prove fatal to her claim."[21]

Defendants move for summary judgment dismissal because Plaintiff cannot prove the first element of her claim. Defendants argue that the cardboard Plaintiff alleges she slipped on was "open and obvious."[22] When a risk is open and obvious, "[this] condition does not present an unreasonable risk of harm."[23] "The open-and-obvious inquiry is objective, looking to whether the condition is obvious to all who may encounter it and not to whether the plaintiff had actual knowledge of the condition."[24] Like any negligence action, the "threshold issue" is "whether the defendant owed the plaintiff a duty, and

---

[18] Rec. Doc. 15-1, p. 1; Rec. Doc. 17-2, p. 3.
[19] *Bailey v. RaceTrac Petroleum, Inc*., 2021 WL 1792081, at *2 (M.D. La. May 5, 2021).
[20] *Id*.
[21] *Id* (citing *White v. Wal-Mart Stores, Inc*., 699 So. 2d 1081, 1086 (La. 1997)).
[22] Rec. Doc. 15-1, p. 6.
[23] *Thibodeaux v. Home Depot USA, Inc*., 816 F. App'x 988, 990 (5th Cir. 2020) (citing *Broussard v. State ex rel. Office of State Bldgs*., 12-1238 (La. 4/5/13), 113 So. 3d 175, 184).
[24] *Id*.

whether a duty is owed is a question of law."[25] Accordingly, summary judgment is warranted "when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous."[26]

The Court finds that Plaintiff fails to raise any genuine issues of fact and summary judgment is warranted. Plaintiff does not dispute that the cardboard was open and obvious; instead, she argues that, "just because the cardboard was 'open and obvious' to one person does not prove it was open and obvious to another and it certainly does not prove that [Plaintiff], in anyway, contributed to her own harm."[27] As a matter of law, the open-and-obvious inquiry is objective. Thus, Plaintiff's attempt to make this inquiry subjective is the incorrect standard. Moreover, the summary judgment evidence fails to raise any dispute with respect to the cardboard's openness and obviousness. Plaintiff testified that there was nothing obstructing her view of the cardboard on the aisle floor.[28] She also testified that the cardboard was "pretty big" and in the middle of the floor.[29] Plaintiff admitted that if she had been looking down at the floor, she would have seen the cardboard and avoided it.[30] Furthermore, the summary judgment evidence shows that the color of the floor was white and the color of the cardboard was brown.[31] Therefore, there is no evidence to suggest the cardboard could have blended into the color of the floor. Thus, Plaintiff fails to raise any factual dispute with respect to the alleged hazard being "open and obvious."[32]

---

[25] *Id* (citing *Bufkin v. Felipe's La., LLC*, 14-0288 (La. 10/15/14), 171 So. 3d 851, 855).
[26] *Id* (internal citation omitted).
[27] Rec. Doc. 17-2, p. 3.
[28] Rec. Doc. 15-2, p. 7 (Plaintiff's Deposition Transcript 32:10–15).
[29] Rec. Doc. 15-2, p. 6 (Plaintiff's Deposition Transcript 31:15–23).
[30] Rec. Doc. 15-2, p. 8 (Plaintiff's Deposition Transcript 33:3–5).
[31] Rec. Doc. 15-2, p. 7 (Plaintiff's Deposition Transcript 32:2–6); Rec. Doc.15-3.
[32] *See Thibodeaux*, 816 F. App'x at 990 (affirming summary judgment dismissal and finding that "[e]asily visible obstacles are open and obvious risks of harm") (citing *Rodriguez v. Dolgencorp*, LLC, 14-1725 (La.

Plaintiff contends that Walmart's defense that the cardboard was open and obvious "attempts to shift the **entire** burden of care to her."[33] Under this statute, failing to offer evidence that at least creates a genuinely disputed fact is "fatal" to Plaintiff's claim, thereby placing the "entire burden" on Plaintiff once Defendants present summary judgment evidence suggesting no liability. Plaintiff has not offered evidence to controvert Defendants' summary judgment evidence.

Finally, because Plaintiff does not dispute that the Merchant Liability Act is the relevant statute here, and there is clear precedent on the summary judgment analysis under this statute, her arguments regarding the "Eggshell Plaintiff Rule,"[34] *Watson* factors, and comparative fault[35] are irrelevant to the Court's analysis.[36]

Accordingly, Defendants' Motion for Summary Judgment is granted.

---

11/14/14), 152 So. 3d 871, 872); *see also Smith v. Circle K Stores, Inc.*, 2021 WL 4853846, at *6 (W.D. La. Oct. 18, 2021) (granting summary judgment dismissal because although the plaintiff fell due to a raised floormat at the storefront, the hazard was clearly visible and others noticed the hazard so the "condition was open and obvious to all.").

[33] Rec. Doc. 17-2, p. 2.

[34] The "Eggshell Plaintiff Rule" or otherwise called the "eggshell skull" doctrine requires a defendant to compensate a plaintiff for unforeseeable injuries flowing from some pre-existing physical condition. *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 495 (5th Cir. 2002). Plaintiff asserts this doctrine when making an argument relating to Defendants' liability stating the Defendants cannot say with "certainty that [Plaintiff] had no visual blocks or obstructions" of the cardboard. Rec. Doc. 17-2, p. 3. But, this doctrine "requires that the actor be negligent first, before the doctrine can come into play." *Dahlen*, 281 F.3d at 495. Accordingly, this doctrine is not relevant to the arguments Plaintiff makes in her opposition.

[35] The "*Watson* Factors" are factors that "may influence the degree of fault assigned" among parties. The court looks to these when "determining the percentages of fault" to allocate to "each party at fault." *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So. 2d 967, 974 (La. 1985). "Comparative fault" refers to the "degree of fault of all persons causing or contributing to the injury. . . ." *LeBlanc v. DISA Glob. Sols., Inc.,* 2019 WL 4093707, at *2 (M.D. La. Aug. 29, 2019) (citing La. Civ. Code art. 2323). Both of these theories/doctrines can be considered after fault has been found amongst multiple parties, but they are irrelevant to the Court's inquiry on whether negligence exists under the Merchant Liability Act. Because Plaintiff has failed to raise any disputed fact with respect to Defendants' liability or lack thereof, there are not percentages or apportions of fault that the Court has to consider assigning, so these doctrines/theories are inapplicable.

[36] Rec. Doc. 17-2, pp. 2, 4.

## IV.    CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment[37] filed by Defendants is hereby **GRANTED**. Plaintiff's suit is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this 28th day of May, 2024.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. 15.